KITCHEN SUPPLIERS, INC v ERB LUMBER COMPANY

Docket No. 105831. Submitted February 8, 1989, at Lansing. Decided
    April 18, 1989.

On March 19, 1984, Erb Lumber Company supplied lumber and
other materials to Liberty Building Company for use in the
construction of a house on a lot owned in fee by Shelby Woods
Properties, Inc. Liberty had purchased the lot on land contract
from Shelby Woods on March 12, 1984. At some point, Frank
and Christine Johannes entered into an executory contract
with Liberty to have a home built for them on the lot, paying
Liberty approximately $64,000 of the total contract price of
$88,780 to begin construction. Liberty subcontracted to have
the house built. Liberty failed to complete the project and
several parties, including Erb, were not paid. The Johanneses
occupied the property in July, 1984, and purchased the lot from
Shelby Woods on September 9, 1987, for $20,654.33. In 1985,
plaintiff, Kitchen Suppliers, Inc., and several other unpaid
parties sought recovery in the Macomb Circuit Court for mate-
rials and labor supplied in the construction of the house.
Named as defendants were Erb, Shelby Woods Properties, Inc.,
Liberty Building Company, and others. The Johanneses inter-
vened as defendants, asserting that their interest predated that
of the lienholders. The State of Michigan, Department of Li-
censing and Regulation, Homeowner Construction Lien Recov-
ery Fund was added as a defendant by stipulation of the
parties. Erb and the fund brought countercomplaints. The trial
court, Robert J. Chrzanowski, J., granted the fund's motion for
summary disposition holding that Liberty was the owner of the
property and that Erb was therefore a contractor as defined in
the Construction Lien Act. As a contractor, Erb was deter-
mined not to be entitled to recovery from the fund. The court
also held, in ruling on the Johanneses' motion for summary
disposition, that the Johanneses were lessees of the property as
defined by the act and that, since the Johanneses intended to
reside in the home upon its completion, it was a residential

REFERENCES

Am Jur 2d, Mechanics' Liens §§ 28, 62, 67.
See the Index to Annotations under Mechanics' Liens.

structure as defined in the act. The court therefore discharged all construction liens on the property and dismissed Erb's claim to collect the amount of its lien from the fund. Erb appealed.

The Court of Appeals *held:*

1. The trial court erred in ruling that as a matter of law Erb was not a supplier entitled to recovery from the fund.

2. Liberty was acting as a general contractor as defined by the act to build the house for the Johanneses.

3. The Johanneses, by virtue of their executory contract with Liberty to purchase the property upon completion of the house, were lessees as defined by the act. The Johanneses intended to, and did, reside in the house upon its completion. Therefore, the house was a residential structure as defined by the act.

4. The trial court properly granted the Johanneses' motion for summary disposition discharging all liens against the property. That portion of the trial court's order is affirmed. However, the portion of the trial court's order granting the fund's motion for summary disposition is reversed and Erb's claim against the fund is reinstated.

Affirmed in part, reversed in part and remanded.

1. MECHANICS' LIENS — CONSTRUCTION LIEN ACT — OWNER OR LESSEE.

An owner or lessee of a residential structure who complies with the requirements of the Construction Lien Act may prevent a construction lien from attaching to the property (MCL 570.1203[1]; MSA 26.316[203][1]).

2. MECHANICS' LIENS — CONSTRUCTION LIEN ACT — HOMEOWNER CONSTRUCTION LIEN RECOVERY FUND.

A construction lien claimant who is prevented from recovery of a lien by compliance with the requirements of the Construction Lien Act by the owner or lessee of the residential structure to which the lien applies may recover from the Homeowner Construction Lien Recovery Fund by fulfilling the requirements of the act; payment from the fund may be made only to a subcontractor, supplier, or laborer (MCL 570.1203, subds [1], [3] and [6]; MSA 26.316[203], subds [1], [3] and [6]).

3. MECHANICS' LIENS — CONSTRUCTION LIEN ACT — RESIDENTIAL STRUCTURE.

The Construction Lien Act defines a residential structure as an individual residential condominium unit or a residential building containing not more than two residential units, the land on which it is or will be located, and all appurtenances thereto, in which the owner or lessee contracting for the improvement is

residing or will reside upon completion of the improvement (MCL 570.1106[3]; MSA 26.316[106][3]).

4. MECHANICS' LIENS — CONSTRUCTION LIEN ACT — CONTRACTOR — SUPPLIER — OWNER.

The Construction Lien Act defines a "contractor" as a person who, pursuant to a contract with the owner or lessee of real property, provides an improvement to real property, a "supplier" as a person who, pursuant to a contract with a contractor or a subcontractor, leases, rents, or in any other manner provides material or equipment which is used in the improvement of real property, and an "owner" as a person holding a fee interest in real property or an equitable interest arising out of a land contract (MCL 570.1103[5], 570.1105[3], 570.1106[5]; MSA 26.316[103][5], 26.316[105][3], 26.316[106][5]).

*May, Gowing & Simpson* (by *Ronald P. Strote* and *John A. Forrest*), for Erb Lumber Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael A. Lockman* and *Kevin Thom,* Assistant Attorneys General, for the Homeowner Construction Lien Recovery Fund.

Before: GILLIS, P.J., and SULLIVAN and GRIFFIN, JJ.

PER CURIAM. Defendant Erb Lumber Company appeals as of right from a lower court order dismissing both its claim to foreclose a construction lien on the property of defendants Frank and Christine Johannes and its claim to collect the amount of the lien from defendant Homeowner Construction Lien Recovery Fund. We affirm in part, reverse in part and remand.

I

On March 19, 1984, Erb supplied lumber and other materials to Liberty Building Company for use in the construction of a house. The construc-

tion took place on a lot located in Shelby Township, Michigan, which was owned in fee by defendant Shelby Woods Properties, Inc. Liberty had purchased the lot on a land contract from Shelby Woods on March 12, 1984. At some point the Johanneses entered into an executory contract with Liberty to have a home built for them on the lot. The Johanneses' affidavit states that the contract was signed on February 21, 1984, but the contract itself is undated. The specifications for the construction of the house are dated March 31, 1984.

The Johanneses paid Liberty approximately $64,000 of the total contract price of $88,780 to begin construction. Liberty in turn subcontracted to have the house built. When Liberty failed to complete the project, several parties, including Erb, were not paid. The Johanneses occupied the property on July 12, 1984, and purchased the lot from Shelby Woods on September 9, 1987, for $20,654.33.

This action was begun in 1985 when plaintiff, Kitchen Suppliers, Inc., and several other unpaid parties sought recovery for materials and labor supplied in the construction of the house. The Johanneses intervened as defendants, asserting that their interest predated that of the lienholders. The fund was joined as a party defendant on stipulation of the parties and because of Erb's allegation that the fund may be liable for the construction liens pursuant to the Construction Lien Act, MCL 570.1101 *et seq.*; MSA 26.316(101) *et seq.*

The fund moved for summary disposition claiming that it was not responsible for the satisfaction of the liens since the home was not a "residential structure" under the act. It argued that the "notice of commencement" listed Shelby Woods as the

owner in fee of the property and Liberty as the owner or lessee contracting for the improvement. The fund contended therefore that, since this home was built for speculation by the builder, owner, or developer with no intention of residing at the home, it was not a "residential structure" covered by the act.

The trial court initially denied the fund's motion for summary disposition. However, after release of *Titanus Cement Wall Co, Inc v Watson,* 158 Mich App 210; 405 NW2d 132 (1987), the court reconsidered and granted the fund's second motion for summary disposition under MCR 2.116(C)(10). The trial court held that Liberty was the owner of the property and that Erb was therefore a "contractor" as defined by the act. As a "contractor," Erb was not entitled to recovery from the fund. The court also held that the Johanneses were "lessees" of the property as defined by the act. Since the Johanneses intended to reside in the home upon its completion, it was a residential structure as defined by the act. The trial court therefore discharged all construction liens on the property and dismissed Erb's claim against the fund.

II

The issues on appeal are whether the trial court properly ruled that as a matter of law Erb is a "contractor" as defined by the act and whether the subject property is a "residential structure" as defined by the act.

An owner or lessee of a residential structure who complies with the requirements of the act may prevent a construction lien from attaching to the property:

(1) A claim of construction lien shall not attach

to a residential structure, to the extent payments have been made, if the owner or lessee files an affidavit with the court indicating that the owner or lessee has done all of the following:

(a) Paid the contractor for the improvement to the residential structure and the amount of the payment.

(b) Not colluded with any person to obtain a payment from the fund.

(c) Cooperated and will continue to cooperate with the department in the defense of the fund. [MCL 570.1203(1); MSA 26.316(203)(1).]

A lien claimant who has been prevented from recovery by the above section may recover from the fund by fulfilling the requirements of § 203(3) of the act, MCL 570.1203(3); MSA 26.316(203)(3). Payment from the fund may be made only to "a subcontractor, supplier, or laborer." MCL 570.1203(6); MSA 26.316(203)(6). Residential structure is defined under the act as follows:

"Residential structure" means an individual residential condominium unit or a residential building containing not more than 2 residential units, the land on which it is *or will be* located, and all appurtenances thereto, in which the owner or lessee contracting for the improvement is residing or will reside upon completion of the improvement. [MCL 570.1106(3); MSA 26.316 (106)(3). Emphasis added.]

A critical issue on appeal is the trial court's labelling of the various parties to determine the application of the act. Based on the undisputed facts, we find that the trial court erred by ruling that as a matter of law Erb was not a "supplier" entitled to recovery from the fund.

A "contractor" is defined by the act as "a person who, pursuant to a contract with the owner or

lessee of real property, provides an improvement to real property." MCL 570.1103(5); MSA 26.316(103)(5). An "owner" is a "person holding a fee interest in real property or an equitable interest arising out of a land contract." MCL 570.1105(3); MSA 26.316(105)(3).

The trial court held that Liberty was the owner of the real property, therefore Erb, having dealt directly with the owner, was a contractor rather than a subcontractor or supplier. The act does not permit disbursement from the fund to contractors, therefore Erb was precluded from recovery from the fund. However, we find that Erb also fits the act's definition of a "supplier": A person who, pursuant to a contract with a contractor or a subcontractor, leases, rents, or in any other manner provides material or equipment which is used in the improvement of real property. MCL 570.1106(5); MSA 26.316(106)(5).

Liberty did not commence construction of the house on speculation, as did the builder in *Titanus, supra.* Rather, Liberty began constructing the house on architectural plans and specifications supplied by the Johanneses. Therefore we find that as a matter of law Liberty was acting as a general contractor as defined by the act to build a house for the Johanneses. MCL 570.1104(6); MSA 26.316(104)(6). Erb supplied lumber and other materials for use by Liberty in the construction of the house and was therefore a supplier entitled to reimbursement of its lien from the fund.

III

In addition, we disagree with the fund's argument that the house was not a "residential structure" as defined by the act because the "owner," Liberty, did not intend to reside in the property

upon completion of the improvement. See MCL 570.1106(3); MSA 26.316(106)(3). The Johanneses, by virtue of their executory contract with Liberty to purchase the property upon completion of the house, were "lessees" as defined by the act. MCL 570.1105(1); MSA 26.316(105)(1). The Johanneses intended to, and did, reside in the house upon its completion. Therefore, the house was a "residential structure" as defined by the act.

The trial court properly granted the Johanneses' motion for summary disposition discharging all liens against the property. That portion of the lower court's order is affirmed. However, the portion of the lower court's order granting the fund's motion for summary disposition is reversed and Erb's claim against the fund is hereby reinstated.

Affirmed in part, reversed in part and remanded.